1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REX CHAPPEL,

11          Plaintiff,                    No. CIV S-03-0653 GEB KJM P

12      vs.

13   R. MANDEVILLE, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Several matters are before the court.

18   1. <u>Plaintiff's May 22, 2006 Motion To Compel</u>

19          On May 22, 2006, plaintiff filed a motion to compel concerning his request for

20   production of documents.  The court has reviewed plaintiff's motion, his points and authorities

21   and the declaration attached to the motion.  Plaintiff concedes that defendants did respond to his

22   requests, although not as quickly as he would have liked.  Plaintiff fails to point to any specific

23   response the court should order defendants to supplement.  Plaintiff merely complains in general

24   terms about the fact that defendants did not turn over any documents quickly in response to

25   plaintiff's request to produce, and about matters that may or may not be related to defendants'

26   /////

1

1   responses.  In any case, plaintiff has failed to show that an order compelling defendants to

2   respond further to any particular document request is appropriate.[1]  This motion will be denied.

3         In his declaration, plaintiff suggests that defendants should be sanctioned because

4   plaintiff did not receive defendants' responses to plaintiff's request to produce until May 8, 2006.

5   Decl. of R. Chappel at 5:19-25.  Plaintiff also asserts defendants mailed their responses to

6   plaintiff on May 3, 2006.  Id.  In this court's April 4, 2006 order, defendants were ordered to

7   serve their response to plaintiff's request for production of documents by May 3, 2006.

8   Therefore, there is no cause for sanctions.

9   2.  <u>Defendants' May 25, 2006 Request To Extend Date To Depose Plaintiff</u>

10        Defendants sought an extension of time to depose plaintiff after the discovery

11   cutoff.  Good cause appearing, defendants' request will be granted retroactively to the cutoff.  If

12   they have not already done so, defendants will be given thirty days within which to take

13   plaintiff's deposition.  If the documents and/or privilege log mentioned in defendants' request

14   have not yet been provided to plaintiff, they shall be provided prior to deposition.  Based on this

15   granting of the extension request, defendants' July 12, 2006 motion to compel plaintiff to be

16   deposed will be denied as unnecessary.  Any renewed motion to compel plaintiff's deposition

17   must be made within thirty-five days of this order.

18   3.  <u>Plaintiff's May 30, 2006 Request For "Service Of Documents"</u>

19        Plaintiff asks that the court order the U.S. Marshal to serve subpoenas upon four

20   persons.  Two of the persons are defendants.  Plaintiff has not shown why he could not obtain the

21   information he seeks from defendants through the proper use of requests to produce,

22

23      [1] Plaintiff is informed that the appropriate manner in which to seek an order compelling a

24   defendant to provide a further response to a request to produce is as follows: 1) identify the
request at issue; (2) identify the response at issue; and 3) provide argument as to why the

25   particular response is inadequate.  General accusations regarding a lack of compliance with
discovery procedures are normally not enough to warrant an order compelling discovery and the

26   court will not parse though pages of irrelevant material in order to seek out some buried
legitimate argument in favor of compelling discovery.

1  interrogatories or other forms of discovery designed for use between parties, or motions to

2  compel following the service of properly propounded discovery.  Therefore, the court will not

3  order the Marshal to serve subpoenas on defendants Mandeville and Rosario.  Good cause

4  appearing, plaintiff's request will be granted with respect to the subpoenas for the Warden of

5  California State Prison Sacramento and Carol Mantano.  The court will direct the Clerk of the

6  Court to issue two new subpoenas, and send them to plaintiff.  Plaintiff shall fill out the

7  subpoenas and then return them to the court within thirty days.

8  4.  Scheduling Order

9         Defendants request an extension of time to file a motion for summary judgment.

10  Good cause appearing, the court will grant defendants ninety days within which to file their

11  motion.  If defendants do not file a motion for summary judgment within ninety days, the court

12  will set new deadlines for the filing of pretrial statements[2] and then set a trial date.  In light of the

13  court's ruling and the current posture of this case, defendants' November 1, 2006 motion to

14  vacate will be denied as unnecessary.

15  5.  Plaintiff's October 13, 2006 Request For Recusal

16         Plaintiff asks that the undersigned recuse.  However, plaintiff has not shown any

17  cause for recusal and the undersigned is not aware of any reason why recusal is required or

18  appropriate.  See 28 U.S.C. § 455.  This request will be denied.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's May 22, 2006 motion to compel is denied.

21         2.  Defendants' May 25 2006 request for an extension of time to depose plaintiff

22  is granted nunc pro tunc, subject to defendants' advance provision of the documents and/or

23  privilege log described in their request.  Defendants are granted thirty days within which to

24

25         [2]  The court notes that plaintiff has already filed his pretrial statement.  If this case
survives a motion for summary judgment filed by defendants, plaintiff will be given the
26  opportunity to file an amended pretrial statement.

3

1  depose plaintiff, if they have not already done so.  Any renewed motion to compel plaintiff's

2  deposition must be made within thirty-five days of this order.

3          3.  Defendants' July 12, 2006 motion to compel is denied.

4          4.  Plaintiff's May 30, 2006 request for "service of documents" is granted in part

5  and denied in part as follows:

6                  A.  Denied as to the subpoenas requested for defendants Mandeville and

7                  Rosario.

8                  B.  Granted as to the subpoenas requested for the Warden of California

9                  State Prison Sacramento and Carol Mantano.  The Clerk of the Court shall

10                 issue two subpoenas and forward them to plaintiff.  Plaintiff shall fill out

11                 the subpoenas and return them to the court within twenty days of this

12                 order.

13         5.  Defendants' July 24, 2006 request for an extension of time to file a motion for

14  summary judgment is granted.  Defendants shall file their motion for summary judgment within

15  ninety days of this order.

16         6.  Defendants' November 1, 2006 motion to vacate is denied.

17         7.  Plaintiff's October 13, 2006 request that the undersigned recuse is denied.

18  DATED:  March 28, 2007.

19

20  _____

21  U.S. MAGISTRATE JUDGE

22  1

    chap0653.abs

23

24

25

26